# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br> vs.<br><br>KEITH LOTT,<br><br>        Defendant. | CASE NO. 95cr72-IEG<br>(related Case No. 09cv2688)<br><br>Order Denying Motion |

  Defendant Keith Lott has filed an "Affidavit and Declaration," arguing the toy gun he carried while committing the offenses for which he was convicted was not a "firearm" or "handgun" within the meaning of 18 U.S.C. § 921(a)(3)(A). Although defendant makes no explicit request for relief, he implicitly argues he could not be convicted for aiding and abetting the use and carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) based upon the use of this toy gun. The Court construed defendant's "Affidavit and Declaration" as a motion under 28 U.S.C. § 2255. The Court now DENIES such motion as time barred and successive pursuant to 28 U.S.C. § 2255(f) and (h).

  Pursuant to 28 U.S.C. § 2255(f), any motion for relief under that section must be brought within one year after the judgment of conviction becomes final. Defendant's judgment of conviction became final in this case in 1998, when the Ninth Circuit Court of Appeals affirmed defendant's conviction. Defendant has not demonstrated he would be afforded a later date for commencement of the one year time period, based upon any of the provisions of § 2255(f)(2) - (4).

1  Therefore, defendant's current attempt to seek relief based upon the argument he used a toy gun,
2  which was not a "firearm" as defined in 18 U.S.C. § 921(a)(3)(A), is time barred.

3  Furthermore, pursuant to 28 U.S.C. § 2255(h), the district court may not consider a second
4  or successive motion under that section unless the Court of Appeals certifies the motion contains a
5  claim based upon newly discovered evidence or a new rule of constitutional law.  After his direct
6  appeal was denied in 1998, defendant filed a motion for relief under § 2255, arguing he was denied
7  effective assistance of counsel.  The Court denied his motion by order filed May 27, 1999, and
8  also denied a certificate of appealability.  Thereafter, on January 22, 2002, the Court denied
9  defendant's motion to file a late appeal of the May 27, 1999 order.  The Ninth Circuit Court of
10 Appeals denied a certificate of appealability on June 13, 2002.  Defendant has not obtained leave
11 from the Court of Appeals to file this second motion for relief, and thus may not proceed in this
12 Court.

13 Based thereon, the Court finds defendant is barred both by the statute of limitations
14 provision of 28 U.S.C. § 2255(f) and the limitation on second motions set forth in § 2255(h), from
15 seeking further relief in this Court.  Defendant's motion is DENIED.

16 **IT IS SO ORDERED**.

17 **DATED:  December 11, 2009**

18 _____
   **IRMA E. GONZALEZ, Chief Judge**
19 **United States District Court**