1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

Case No.:  95cr72

12

Plaintiff,

**ORDER**

13

v.

14

KEITH LAMAR LOTT,

15

Defendant.

16
17

HAYES, Judge,

18

The matter before the Court is the motion to reduce sentence under 18 U.S.C. §

19

3582(c)(1) (ECF No. 715) filed by Defendant.

20

**Background**

21

Defendant Keith Lamar Lott was arrested and charged with associates in four counts

22

of a third superseding indictment.  The charges against the Defendant resulted from armed

23

jewelry store robberies in San Diego, California on July 11, 1992 and on August 12, 1992.

24

Count 1 and Count 3 alleged interference with commerce by robbery (Hobbs Act robbery),

25

in violation of 18 U.S.C. § 1951(a); Count 2 alleged using and carrying of a firearm in

26

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and Count 4, alleged

27

aiding and abetting the using and carrying of a firearm in relation to a crime of violence,

28

in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.  The jury returned a verdict of guilty on all four counts.

On July 8, 1996, the Court imposed Judgment sentencing Defendant to a term of 123 months as to Counts 1 and 3, concurrently and concurrently with state sentences YA015343, YA015546, and GA015598; 60 months as to Count 2, consecutive to Counts 1 and 3; and 240 months as to Count 4, consecutive to Counts 1 through 3 for a total of 423 months in the custody of the Bureau of Prisons.  (ECF No. 413). Petitioner filed a timely appeal of his conviction on a number of grounds and the Court of Appeals affirmed Petitioner's conviction. *United States v. Lott*, 137 F.3d 1094 (9th Cir. 1998).

Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 which was denied by the district court. (ECF No. 546).  The Court of Appeals granted the application to file a second or successive 28 U.S.C. § 2255 motion and transferred Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 to this district court.  On February 9, 2017, this Court denied Petitioner's second motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 to this district court.

On February 24, 2020, Defendant filed a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Defendant requests that the Court reduce his sentence under the First Step Act for extraordinary and compelling reasons.  Defendant asserts that the 423 month sentence was a result of the mandatory stacking provisions of 18 U.S.C. § 924(c) which no longer require the 240 months consecutive sentence on Count 4. Defendant asserts that changes made in the First Step Act to § 924(c) would now require a 60 months consecutive sentence on Count 4 instead of the 240 months sentence impose resulting in a sentence 180 months less than the sentence imposed.  Defendant asserts that his 299 months of actual incarceration represents

---

[1] Defendant states that his current release date of April 26, 2025.

over four years more than his total sentence would be under the current law.  Defendant further contends that he has complied a remarkable record of rehabilitation showing that he is not a danger to the public, if released.

Plaintiff United States asserts that Defendant has not met the burden of showing that extraordinary and compelling reasons warrant a reduction in his sentence.  Plaintiff United States contends that the sentence Defendant would receive today would not necessarily be 15 years lower than the sentence he received at the time of sentencing.   Plaintiff United States explains that the Defendant was serving a term of 11 years in state custody on three prior, unrelated robbery convictions at the time of his sentencing in this case.  Plaintiff United States asserts that the sentencing judge decided to run this federal sentence concurrent with the state sentence after considering the effect the mandatory minimum § 924(c) would have on the overall sentence.  Plaintiff United States asserts that the sentencing judge imposed the sentence based upon the fact that Defendant was a direct participant in a large jewelry robbery crew, who threatened store employees at gunpoint.  Plaintiff United States asserts that the nature and circumstances of this offense were aggravated, and the history and characteristics of the Defendant weigh against release.

**Legal Standard**

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, allows defendants, for the first time, to petition district courts directly for compassionate release.  18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[2]  Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addresses motions for sentence reductions by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) stating:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction. . .

. . (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. The commentary also states that a defendant's rehabilitation, standing alone, cannot be grounds for a sentence reduction under § 3582(c). U.S.S.G. § 1B1.13 n.3. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Board of Prisons.  This Court takes these sentencing

---

[2] Defendant has met the jurisdictional requirement of administrative review.

guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

**Ruling of the Court**

As a part of the First Step Act of 2018, Congress limited the consecutive stacking previously required for violations of § 924(c).  Before the First Step Act, one § 924(c) count carried a five-year minimum sentence that must be served consecutively. 18 U.S.C. § 924(c)(1)(A).  An additional § 924(c) count required the district court to impose a consecutive twenty-five years in prison, even in cases in which the gun possession occurred during the same course of conduct as the original count.  18 U.S.C. §924(c)(1)(C)(i) (2012). The First Step Act revised this requirement, providing that the higher penalty for a second or subsequent count of conviction under section 924(c) is triggered only "after a prior conviction under this subsection has become final."  18 U.S.C. §924(c)(1)(C) (2018).  The First Step Act further provided that this amendment to section 924(c) "shall apply to any offense that was committed before the date of enactment of this Act if a sentence for the offense has not been imposed as of such date of enactment."  132 Stat. at 5222.  Congress did not conclude that all defendants convicted under §924(c) should automatically receive new sentences.  However, Congress expanded the power of the courts under §3582(c)(1) to reduce the sentences of some defendants based upon findings of extraordinary and compelling reasons and the consideration of 3553(a) sentencing factors.

The revisions in the stacking provisions of § 924(c) in the First Step Act can result in a gross disparity between the sentence that a defendant received before the First Step Act and the sentence a defendant would have received after the First Step Act.  The resulting disparity is a relevant factor in determining whether extraordinary and compelling reasons may exist to reduce a defendant's sentence.  *See United States v. Owens*, No. 97-cr-2546-CAB (S.D. Cal. March 20, 2020).  ("[T]he Court finds that extraordinary and

compelling reasons exist for a reduction in Owens' sentence based on the changes in how § 924(c) sentences are calculated as a result of the First Step Act, combined with the evidence of Owens' rehabilitation….").

In this case, Defendant's sentence was calculated applying the stacking provisions of § 924 (c)(1)(C) no longer applicable after the First Step Act.   The 240 months consecutive sentence imposed on Count 4 would be limited to 60 months under the current provisions of § 924(c).   The record shows that the sentencing judge applied the mandatory 240 month sentence on Count 4 and that the sentencing judge took this into account in running the state sentences concurrently. The Court finds that effect of the 240 months mandatory sentence on Count 4 presents an extraordinary and compelling reason for determining whether the factors in 18 U.S.C. § 3553(a) support a reduction in Defendant's sentence under § 3582(c)(1)(A).

Having determined that the First Step changes to the §924(c) may present an "extraordinary and compelling" reason for a sentence reduction in this case, Defendant must demonstrate that the factors in 18 U.S.C. §3553(a) support a reduction in his sentence. Defendant's offenses were aggravated and involved violent conduct perpetrated upon innocent victims.   The robberies were committed nearly 28 years ago when the Defendant was 22 years old.   Defendant is now 50 years old has served more than 25 years in prison incurring a single disciplinary write-up more than 20 years ago.   The record shows that Defendant has engaged in extensive vocational training as an electrician as well as general education and improvement programming.   Plaintiff United States does not contest the Defendant's rehabilitation but relies understandably upon the aggravated nature and circumstances of the offenses.   The Court has taken all §3553(a) factors into account and finds that a sentence reduction of 48 months would result in a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, provide adequate deterrence, and protect the public from further crimes pursuant to 18 U.S.C. § 3553 (a). This reduction is consistent with policy statements issued by the Sentencing Commission.

The Court will reduce Defendant's sentence on Count 4 from 240 months to 192 months. All other provisions of the Judgment will remain in effect.

IT IS HEREBY ORDERED that the motion to reduce sentence under 18 U.S.C. § 3582(c)(1) (ECF No. 715) is granted.  The Court will enter an amended judgment reducing the term of custody on Count 4 from 240 months to 192 months.  All other provisions of the Judgment will remain in effect.

Dated:  June 8, 2020

Hon. William Q. Hayes
United States District Court

95cr72